FILED
2021 Mar-10 PM 02:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CLARETTA MOORE, )<br>)<br>Plaintiff, )<br>)<br>v )<br>)<br>STANDARD INSURANCE )<br>COMPANY, )<br>)<br>Defendant, ) | CIVIL ACTION NO.: |

## COMPLAINT

1. Plaintiff, CLARETTA MOORE [hereinafter referred to as "Plaintiff"], is over the age of nineteen (19) years and is a resident of Tuscaloosa County, Alabama. The Plaintiff was previously employed by Intown Lessee Services LLC in Tuscaloosa County and is eligible for group benefits while employed in Alabama.

2. Defendant, Standard Insurance Company [hereinafter referred to as "Standard"], is an ERISA fiduciary and/or plan administrator providing benefits for the Plaintiff in Tuscaloosa County, Alabama and otherwise doing business in this federal district.

## FACTUAL ALLEGATIONS

3. Defendant Standard issued a long term disability insurance policy to Plaintiff's Employer for the benefit of the Plaintiff in consideration of the premiums provided by or on behalf of the Plaintiff through a group disability insurance plan for employees of Intown Lessee Services LLC.

4. The plan benefits issued by Standard provide coverage to the Plaintiff for loss of income as a result of disability.

5. Benefits pursuant to the disability plan and insurance contract were available to

Plaintiff at all times relevant to this Complaint.

6. Prior to January 23, 2019, Defendant was employed by Intown Lessee Services LLC.

7. Plaintiff suffers from total disability. Plaintiff has been diagnosed by her physician as being disabled and not able to work full time.

8. Plaintiff filed a claim for benefits under her Employer benefits plan for her disability benefits. Plaintiff submitted a signed medical release authorization to Defendant for her disability claim.

9. Defendant initially approved and paid Plaintiff's disability benefits.

10. On or about August 24, 2020, Defendant Standard terminated Plaintiff's disability insurance benefits.

11. On November 4, 2020 Plaintiff sent a request for an administrative appeal review of the claim denial decision. Defendant Standard failed to respond to the appeal request.

12. On December 10, 2020 Plaintiff sent an additional letter to Standard again requesting an appeal of Plaintiff's disability benefits and an appeal of the denial of her life insurance waiver of premium benefits. Defendant failed to respond to the appeal letter.

13. On January 11, 2021 Plaintiff sent an additional letter to Standard demanding an appeal for Plaintiff's disability benefits and life insurance premium benefits.

14. The Defendant has failed respond to Plaintiff's appeal for disability benefits and has failed to produce a copy of the Administrative record and claim file, as requested by ERISA.

15. Plaintiff has exhausted her administrative remedies pursuant to the terms of the disability plan.

16. Plaintiff alleges that at the time the disability claims were filed with Defendant,

the Plaintiff was a beneficiary and was an insured under the insurance policies. Plaintiff submitted a medical release authorization and filed the proper claim forms and all other forms necessary for payment under the disability policy. At all times subsequent to August 24, 2020, Plaintiff has been entitled to disability benefits.

17. Defendant Standard failed to pay the Plaintiff's disability benefits.

## COUNT I
## VIOLATIONS OF THE EMPLOYEE
## RETIREMENT INCOME SECURITY ACT

18. Plaintiff adopts and incorporates paragraphs one through seventeen (17) as if fully stated herein.

19. Defendant Standard had a duty to pay benefits under the disability insurance coverage as set forth in the Employee Retirement Income Security Act of 1974 (ERISA).

20. Defendant Standard failed to pay the Plaintiff benefits under the terms of the disability plan and the life insurance plan.

21. Defendant Standard is an insurance company that pays claims from its own assets. Upon information and belief, Standard is a wholly owned subsidiary of a privately held, for-profit corporation, StanCorp Financial Group, Inc., which was formed after the merger of SFG with Meiji Yasuda Life Insurance Company and MYL Investments (Delaware), Inc., and was delisted from the NYSE.

22. Upon information and belief, Defendant Standard has a conflict of interest in paying claims and reducing its own assets.

23. Defendant Standard is an ERISA fiduciary and/or carries out fiduciary responsibilities for Plaintiff's disability benefits.

24. Defendant Standard violated the provisions of ERISA, including but not limited to

29 U.S.C. §1001, et seq. and terminated Plaintiff's disability benefits.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests judgment against the Defendant Standard as follows:

- (A) payment of disability benefits under the long term disability plan and life insurance plan pursuant to ERISA § 502;

- (B) enforce "make whole" relief for the Plaintiff pursuant to ERISA § 502; including reinstatement of benefits.

- (C) ERISA penalties for failing to produce a copy of the ERISA Plan documents to Plaintiff.

- (D) reasonable costs;

- (E) interest;

- (F) attorney's fees; and

- (G) such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Jeff S. Daniel
Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama 35213
Telephone:   (205) 531-1287
Facsimile:    (205) 327-5773
Attorney for Plaintiff Claretta Moore

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS**

**Defendant's Address:**

Standard Insurance Company
CT Corporation System
2 N. Jackson St., Suite 650
Montgomery, AL 36104